# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES CAYTON, On Behalf of Himself and All Others Similarly Situated,** | ) ) ) | |
| *Plaintiff,* | ) ) | **COLLECTIVE ACTION** |
| **v.** | ) ) ) | **CASE NO.** _____ |
| **METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY acting by and through THE ELECTRIC POWER BOARD, d/b/a NASHVILLE ELECTRIC SERVICE.** | ) ) ) ) ) ) | **JUDGE** _____ |
| *Defendant.* | ) ) | |

## COLLECTIVE ACTION COMPLAINT

1.     This is a collective action brought on behalf of employees who work as Line Supervisors, Underground Supervisors, and Meter Supervisors ("Supervisors") for Defendant Metropolitan Government of Nashville & Davidson County acting by and through The Electric Power Board of said Government d/b/a Nashville Electric Service ("Nashville Electric Service"). These Supervisors were not paid for all overtime hours worked as required by the Fair Labor Standards Act ("FLSA"). Instead, the Nashville Electric Service pays them nothing for the first five (5) hours worked over forty (40) each workweek. This lawsuit seeks to recover the overtime pay owed to these workers, an equal amount of liquidated damages, and their attorneys' fees, costs, and expenses incurred in pursuit of this litigation.

2.     Nashville Electric Service calls Plaintiff James Cayton and similarly situated employees "Supervisors" and classifies them as exempt under the FLSA. However, instead of paying its Supervisors on a salary basis, it pays them on an hourly basis. In other words, Plaintiff and other Supervisors' pay is based on hours worked and hours not worked. To properly pay any

employee based on an overtime exemption to the FLSA, the employee must be paid based on a salary basis. Here, because Plaintiff Cayton and similarly situated Supervisors' pay is based on hours worked, they must receive overtime pay.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4.     Venue for this action properly lies in the U.S. District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 because Nashville Electric Service resides in this judicial district and because the claims arose in this judicial district.

## PARTIES

A.     **Plaintiff**

5.     Plaintiff James Cayton is over the age of nineteen (19) and has worked as an employee of Nashville Electric Service since 1987. Mr. Cayton resides in Old Hickory, Davidson County, Tennessee.  Plaintiff Cayton consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

B.     **Defendant**

6.     Defendant Metropolitan Government of Nashville & Davidson County acting by and through the Electric Power Board of said Government d/b/a Nashville Electric Service is the municipal entity who has employed Mr. Cayton since 1987 in Davidson County, Tennessee, which is located in the Nashville Division of the Middle District of Tennessee.

7.     Nashville Electric Service a public entity covered by the FLSA. *See* 29 U.S.C. § 203(d), (x).

8.    Plaintiff and those he seeks to represent have been directly employed by Nashville Electric Service during the relevant time period and, as such, are employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

## FACTS

9.    Plaintiff Cayton has worked for Nashville Electric Service since June 1987.

10.    On or about January 2013, Plaintiff Cayton was promoted by Nashville Electric Service to the position Underground Supervisor, a position he has held through the present.

11.    Nashville Electric Service has paid Plaintiff based on the number of hours worked throughout his employment as an Underground Supervisor.

12.    Like Plaintiff, the Supervisors he seeks to represent in this collective action are paid based on the number of hours worked.

13.    Plaintiff and the Supervisors he seeks to represent are categorized as "Hourly" by the Nashville Electric Service.

14.    Nashville Electric Service's internal documents and pay records reflect that these employees are categorized as "Hourly."

15.    To pay Plaintiff based on the number of hours he worked, Nashville Electric Service has tracked his time worked.

16.    Initially during his tenure as an Underground Supervisor, Nashville Electric Service tracked Plaintiff's time worked based on handwritten timesheets.

17.    More recently, including through the present, Nashville Electric Service has tracked Plaintiff's time worked with electronic timesheets.

18.    During the time Nashville Electric Service tracked his time work handwritten timesheet and during the time it has tracked his time worked with electronic timesheets, Plaintiff's

time was tracked to the nearest quarter of an hour for pay purposes.

19.     Nashville Electric Service has tracked the time worked by all Supervisors in the same ways it tracked Plaintiff's time worked.

20.     Plaintiff and the Supervisors he seeks to represent in this collective action routinely work over forty (40) hours in a workweek.

21.     Once Plaintiff and the Supervisors he seeks to represent have worked forty (40) hours in a workweek, Nashville Electric Service continues to track their hours worked.

22.     However, Nashville Electric Service does not pay Plaintiff and the Supervisors for hours worked between forty (40) and forty-five (45) in a workweek, except for when those five (5) hours fall on a holiday or emergency work time.  Nashville Electric Service pays Plaintiff and the Supervisors at a defined hourly rate for hours that fall on defined holiday and emergency work times.

23.     Once Plaintiff and the Supervisors have worked forty-five (45) hours in a workweek according to Nashville Electric Service's own time-tracking records, Plaintiff and the Supervisors are compensated based on the number of hours worked for all of the remaining time worked through the end of their workweek.

24.     Nashville Electric Service also tracks the time worked by Plaintiff and the Supervisors for purposes of tracking their meal breaks, their Personal Time Off ("PTO"), and Vacation time. In other words, Nashville Electric Service tracks the time worked by Plaintiffs and the Supervisors for their employment benefits, not just their pay.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

4

All current and former Supervisors who have worked for Nashville
Electric Service at any time since October 2, 2017.

26.     Plaintiff desires to pursue his claims on behalf of all individuals who opt into this

action pursuant to 29 U.S.C. § 216(b).

27.     Plaintiff and the Supervisors he seeks to represent are "similarly situated" as that

term is defined in 29 U.S.C. § 216(b) and the controlling case law because, pursuant to Nashville

Electric Service's common policies and practices, they were misclassified as exempt from the

overtime pay provisions of the FLSA, paid on an hourly basis, but not paid overtime for all of the

hours worked in excess of forty (40) that they worked in a workweek, in violation of the FLSA.

28.     Virtually all of the legal and factual issues that will arise in litigating the collective

claims are common to Plaintiff and the Supervisors he seeks to represent. These issues include,

but are not limited to: (1) whether Nashville Electric Service misclassified Plaintiff and the

Supervisors he seeks to represent as exempt from the overtime pay provisions of the FLSA;

(2) whether Nashville Electric Service paid Plaintiff and the Supervisors he seeks to represent

based on the number of hours they worked; (3) whether Plaintiff and the  Supervisors he seeks to

represent are entitled to overtime when they work in excess of forty (40) hours per week; and

(4) how Nashville Electric Service paid Plaintiff and the Supervisors he seeks to represent for

hours worked over 40 in a week.

**FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act – Overtime)**

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     Plaintiff asserts this claim on behalf of himself and all similarly situated

Supervisors who opt into this action pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff and the Supervisors are employees entitled to the FLSA's protections.

32.     Nashville Electric Service is an employer covered by the FLSA.

5

33. Nashville Electric Service pays Plaintiff and the Supervisors based on the number of hours worked.

34. As a result, Plaintiff and the Supervisors are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive, "administrative," or "professional" employees, as defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

35. Because Plaintiff and the Supervisors are not exempt from receiving FLSA overtime benefits, Plaintiff and the Supervisors should be paid, and should have been paid, one and one-half times their regular rate of all time worked over forty (40) hours in each workweek. This includes the first five (5) hours they work over forty (40) each workweek without any pay.

36. Nashville Electric Service does not pay Plaintiff and the Supervisors this required overtime premium for the first five (5) hours worked over forty (40) in each of their workweeks worked.

37. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

38. Nashville Electric Service has violated the FLSA by failing to compensate Plaintiff and the Supervisors for all hours above 40 worked in a workweek at a rate equal to or above time and half of the regular rate of pay for that week. Specifically, Nashville Electric Service has violated the FLA by failing to compensate Plaintiff and the Supervisors for the first five (5) hours they work over forty (40) hours each workweek.

39. In violation of the FLSA, Nashville Electric Service has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others

similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice of this litigation to all similarly situated employees pursuant to 29 U.S.C. § 216(b);

C.    A finding that Nashville Electric Service violated the FLSA.

D.    A judgment against Nashville Electric Service and in favor of Plaintiff and those similarly situated for all unpaid and underpaid wages under the FLSA;

E.    A finding that Nashville Electric Service's FLSA violations are willful;

F.    Liquidated damages to the fullest extent permitted under the FLSA;

G.    Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H.    Such other and further relief as this Court deems just and proper in law and equity.

Dated: October 2, 2020                    Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON**
**JOSHUA A. FRANK**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*

7