# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **JAMES CAYTON, On Behalf of Himself and All Others Similarly Situated,** | ) ) ) ) |  |
| **Plaintiff,** | ) ) |  |
| **v.** | ) ) | **Case No: 3:20-cv-00859** |
| **METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY acting by and through THE ELECTRIC POWER BOARD d/b/a NASHVILLE ELECTRIC SERVICE,** | ) ) ) ) ) ) | **District Judge Eli Richardson Magistrate Judge Alistair Newbern** |
| **Defendant.** | ) |  |

## ANSWER TO COMPLAINT

Defendant Nashville Electric Service (hereinafter "NES" or "Defendant") answers Plaintiff's Complaint as follows:

1.     As to Paragraph 1 of the Complaint, NES admits Plaintiff purports to bring a collective action against it based on an alleged failure to pay Line Supervisors, Underground Supervisors, and Meter Supervisors overtime pay for certain hours worked. NES denies Plaintiff or any other Supervisors were required to work any hours without pay, denies they actually worked any hours without pay, and denies any violation of the FLSA occurred. Rather, Plaintiff and the Line Supervisors, Underground Supervisors, and Meter Supervisors he references are paid a salary for hours worked up to forty-five hours each week. NES denies Plaintiff is entitled to any relief whatsoever.

2.     As to Paragraph 2 of the Complaint, NES admits Plaintiff James Cayton is employed as an Underground Supervisor and that he is exempt under the FLSA. NES admits Line Supervisors, Underground Supervisors, and Meter Supervisors are properly classified as exempt

7056655v.1

under the FLSA. NES denies that Cayton or other Supervisors are paid on an "hourly basis" as that term is ordinarily used; NES denies Cayton's salary or that of other Supervisors is dependent on the hours they work and the hours they do not work. NES denies that Cayton or any similarly situated employees are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

3.      As to Paragraph 3 of the Complaint, NES admits this Court has jurisdiction to hear Plaintiff's claim. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

4.      As to Paragraph 4 of the Complaint, NES admits this Court is a proper venue to hear Plaintiff's claim. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

## PARTIES

5.      The allegations contained in Paragraph 5 of the Complaint are admitted.

6.      As to Paragraph 6 of the Complaint, NES admits it is located in Davidson County, Tennessee, and that it has employed Plaintiff since 1987.

7.      As to Paragraph 7 of the Complaint, NES denies it is covered by the FLSA. NES will present a nonfrivolous argument for modifying or reversing existing law or for establishing new law to support this defense.

8.      As to Paragraph 8 of the Complaint, NES admits it currently employs Plaintiff. NES is without information sufficient to form a belief as to whether all other individuals Plaintiff seeks to represent are directly employed by NES because those individuals have not been identified. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

2

## FACTS

9. The allegations contained in Paragraph 9 of the Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. As to Paragraph 11 of the Complaint, NES denies Plaintiff's salary in his role as Underground Supervisor is dependent on the number of hours he works. NES admits Plaintiff's overtime pay, which is in addition to Plaintiff's salary, is dependent on the number of hours Plaintiff spends working overtime assignments.

12. As to Paragraph 12 of the Complaint, NES denies that the salaries Line Supervisors, Underground Supervisors, and Meter Supervisors are paid are dependent on the number of hours they work. NES admits the overtime pay which Line Supervisors, Underground Supervisors, and Meter Supervisors receive is dependent on the number of hours they spend working overtime assignments.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. As to Paragraph 14 of the Complaint, NES denies that Plaintiff or any Line Supervisors, Underground Supervisors, or Meter Supervisors are categorized as "hourly" in the sense that their salaries are dependent on the actual hours they work. Rather, Plaintiff and other Supervisors are salaried within the meaning of the Department of Labor's regulations. NES admits only that these employees have an hourly rate that is used for such things as calculating overtime, project costs, and labor costs. The remainder of the allegations are denied.

15. As to Paragraph 15 of the Complaint, NES admits it tracks the number of hours Plaintiff works. NES denies that Plaintiff's salary is based upon the number of hours he works each week.

7056655v.1

16. As to Paragraph 16 of the Complaint, NES admits that up until 2015 it tracked the number of hours Plaintiff worked using written timesheets.

17. The allegations contained in Paragraph 17 of the Complaint are admitted.

18. As to Paragraph 18 of the Complaint, NES admits Plaintiff's time was tracked to the nearest quarter. NES denies that Plaintiff's time entries impacted his regular salary.

19. As to Paragraph 19 of the Complaint, NES admits it tracks the hours worked by Line Supervisors, Underground Supervisors, and Meter Supervisors in the same manner.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are admitted.

22. As to Paragraph 22 of the Complaint, NES admits it pays Plaintiff and other Supervisors additional pay for time spent working on a holiday and during emergency work situations. NES denies that Plaintiff or any Line Supervisors, Underground Supervisors, or Meter Supervisors are not paid for hours worked between forty and forty-five in a workweek.

23. As to Paragraph 23 of the Complaint, NES admits Plaintiff and other Underground Supervisors, Line Supervisors, and Meter Supervisors receive additional overtime compensation for time spent working beyond forty-five hours each week. NES denies any inference or suggestion that Plaintiff or any other Supervisor is not compensated for any time spent working.

24. As to Paragraph 24 of the Complaint, NES admits it tracks Plaintiff's and other Underground Supervisors, Line Supervisors, and Meter Supervisors Personal Time Off and vacation time. The remainder of the allegations are denied.

4

## COLLECTIVE ACTION ALLEGATIONS

25.     As to Paragraph 25 of the Complaint, NES admits Plaintiff purports to allege a collective action under 29 U.S.C. § 216(b). NES denies all allegations or inferences of wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

26.     As to Paragraph 26 of the Complaint, NES is without information sufficient to form a belief as to Plaintiff's desires. NES denies all allegations or inferences of wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

27.     The allegations contained in Paragraph 27 are denied.

28.     As to Paragraph 28 of the Complaint, NES is without information sufficient to form a belief as to the legal and factual issues that will arise in this litigation. NES denies all allegations or inferences of wrongdoing and denies that Plaintiff is entitled to any relief. NES further denies that the individuals described are similarly situated or that a collective action under the FLSA is appropriate.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Overtime)

29.     NES incorporates by reference its admissions and denials contained in Paragraphs 1 – 28.

30.     As to Paragraph 30 of the Complaint, NES admits Plaintiff purports to assert a collective action under 29 U.S.C. § 216(b). NES denies all allegations or inferences of wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

31.     The allegations contained in Paragraph 31 of the Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Complaint are denied.

33.     As to Paragraph 33 of the Complaint, NES admits Plaintiff and other Underground Supervisors, Line Supervisors, and Meter Supervisors may earn additional overtime pay for

5

working overtime hours. NES denies Plaintiff's assertion or suggestion that his salary or that of other Underground Supervisors, Line Supervisors, or Meter Supervisors is dependent on the number of actual hours worked.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. As to Paragraph 36 of the Complaint, NES denies that Plaintiff or any other Underground Supervisors, Line Supervisors, or Meter Supervisors are entitled to overtime pay under the FLSA. NES further denies that Plaintiff or any other Underground Supervisors, Line Supervisors, or Meter Supervisors perform work for which they are not compensated.

37. As to Paragraph 37, NES admits that the FLSA, with various exceptions, generally provides that non-exempt employees are entitled to a minimum wage of $7.25 per hour and overtime compensation at a rate not less than one and one-half times their rate of pay for hours worked in excess of forty in a workweek.

38. The allegations contained in Paragraph 38 are denied.

39. The allegations contained in Paragraph 39 are denied.

40. The remainder of the Complaint consists of a request for relief which requires neither admission nor denial by NES, but to the extent said request implies that Plaintiff or any other individual he seeks to represent is in any way entitled to the relief he seeks, NES denies said implications and further denies that they are entitled to any relief in this matter whatsoever.

41. NES uses the headings listed by Plaintiff in the Complaint for ease of reference only. By use of these headings, NES in no way admits that it agrees with the cause of action asserted, and in fact, specifically denies that any cause of action under the FLSA is appropriate or viable.

6

42.     Any Complaint allegations not expressly admitted are denied in their entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff may be estopped from asserting all or some of his claims since the position Plaintiff now finds himself in is due to his own act or inactions.

### THIRD DEFENSE

Plaintiff's claim may be barred in whole or in part by the applicable statute of limitations, including without limitation 29 U.S.C. § 255.

### FOURTH DEFENSE

Plaintiff's claim under the FLSA is barred by the Tenth and Eleventh Amendments to the Constitution of the United States.

### FIFTH DEFENSE

Plaintiff's claim under the FLSA fails because the Department of Labor's salary basis requirements are invalid.

### SIXTH DEFENSE

NES is not liable to Plaintiff or anyone alleged to be similarly situated for overtime because all such individuals are and were exempt from the overtime requirements of the FLSA at all relevant times pursuant to 29 U.S.C. §§ 207 and 213 and C.F.R. Part 541.

### SEVENTH DEFENSE

This action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pled.

7

## EIGHTH DEFENSE

Any claim for overtime liability and liquidated damages for a period in excess of two years prior to the filing of Plaintiff's Complaint is barred by the statute of limitations, as any violations of the FLSA were not willful.

## NINTH DEFENSE

If the facts, as determined at trial, reveal Plaintiff engaged in efforts to falsify his own time records, or in any other way violated the established policies of NES with regard to employment practices, Plaintiff should be estopped from recovering on his claim.

## TENTH DEFENSE

Because no discovery has yet occurred in this action, NES reserves the right to assert further defenses as appropriate.

WHEREFORE, NES requests the Court dismiss Plaintiff's claims and award NES its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

Date: November 2, 2020

Respectfully submitted,

*s/ Nelson H. Suarez*
William A. Blue, Jr., BPR #10378
zblue@constangy.com
Nelson H. Suarez, BPR #35346
nsuarez@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
401 Commerce Street, Suite 1010
Nashville, TN 37219
615.320.5200 / 615.321.5891 (facsimile)

*Attorneys for Nashville Electric Service*

--

8

7056655v.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document **ANSWER TO**

**COMPLAINT** has been furnished to the following individual(s) via the Court's Electronic

Filing System, on November 2, 2020:

David W. Garrison
Joshua A. Frank
BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN  37219
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*

*/s/ Nelson H. Suarez*
Nelson H. Suarez

9