UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CAYTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY acting by and through THE ELECTRIC POWER BOARD d/b/a NASHVILLE ELECTRIC SERVICE,<br><br>Defendant. | Case No. 3:20-cv-00859<br><br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Cayton brings this conditionally certified collective action on behalf of himself and others similarly situated under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219. (Doc. No. 1.) Cayton alleges claims against Defendant the Metropolitan Government of Nashville and Davidson County, by the through the Electric Power Board, doing business as Nashville Electric Service (Nashville Electric Service). (*Id.*) Cayton and fifty-seven opt-in plaintiffs (collectively, Plaintiffs) have filed a motion for leave to file an amended collective and class action complaint. (Doc. No. 59.) Nashville Electric Service has responded in opposition (Doc. No. 62), and Plaintiffs have filed a reply (Doc. No. 68). Nashville Electric Service has moved for leave to file a sur-reply (Doc. No. 75), which Plaintiffs oppose (Doc. No. 76). For the reasons that follow, Nashville Electric Service's motion for leave to file a sur-reply will be granted in part and denied in part, and Plaintiffs' motion for leave to file an amended complaint will be granted.

## I. Factual and Procedural Background

Cayton, who works for Nashville Electric Service as an underground supervisor, alleges that Nashville Electric Service pays its first-line supervisors on an hourly basis but does not compensate them for the first five hours that they work over forty hours in a given workweek, which it categorizes as "professional time." (Doc. No. 1.) Cayton seeks to recover unpaid overtime compensation under the FLSA on behalf of himself and other Nashville Electric Service first-line supervisors (Count I). (*Id.*) The Court has conditionally certified a collective action of:

> All current and former first-line "Operations Supervisors" who recorded "Professional Time," defined as hours worked between forty (40) and forty-five (45) each workweek at any time since [three years from date of certification]. First-line "Operations Supervisors" include:
>
> - Meter Maintenance Supervisors
> - Revenue Support Supervisors
> - Work Center Office Supervisors
> - Engineering Supervisors
> - Underground Supervisors
> - Substation Supervisors
> - Maintenance Shop Supervisors
> - Carpenter Supervisors
> - Excavation Supervisors
> - Line Supervisors
> - Pole Supervisors
> - Vegetation Management Supervisors.

(Doc. No. 13, PageID# 58–59.) By the parties' agreement, the collective action definition was modified to include:

> All current and former First-Line Supervisors who recorded "Professional Time," defined as hours worked between forty (40) and forty-five (45) each workweek at any time since [three years from date of certification].

(Doc. No. 32, PageID# 159.)

Plaintiffs have now filed a motion for leave to file an amended complaint that: (1) reflects the modified definition of the collective; (2) adds a second FLSA claim alleging that, if Nashville

2

Case 3:20-cv-00859   Document 96   Filed 01/19/22   Page 2 of 20 PageID #: 2122

Electric Service paid its first-line supervisors on a salary basis, those employees were entitled to overtime compensation because their total compensation was not reasonably related to their guaranteed minimum amount of pay (Count II); (3) adds a claim for unjust enrichment under Tennessee law to be asserted on a collective basis (Count III); and (4) adds a claim for unjust enrichment under Tennessee law to be asserted as a class action under Federal Rule of Civil Procedure 23 (Count IV). (Doc. No. 59.) Plaintiffs also seek to add a jury demand for the unjust enrichment claims. (*Id.*)

Nashville Electric Service responds in opposition that allowing the amended complaint would be futile because Plaintiffs' proposed Counts II, III, and IV could not survive a motion to dismiss under Rule 12(b)(6). (Doc. No. 62.) Nashville Electric Service argues that: (1) Plaintiffs have not alleged sufficient additional factual matter to support Count II, and that the claim is "merely a sub-argument for Count I[;]" (2) there is no legal basis for asserting a claim for common law unjust enrichment under the FLSA or through the FLSA's collective action mechanism as pleaded in Count III; and (3) the claim for unjust enrichment pleaded in Count IV is "either preempted by the FLSA or precluded by an adequate remedy at law." (*Id.* at PageID# 328, 331.) Nashville Electric Service also asserts that, "[w]ere the Court to allow Plaintiff Cayton to move forward with his unjust enrichment claim," that claim would be subject to the FLSA's statute of limitations and Cayton must pursue it "as an individual and not as an alleged class." (*Id.* at PageID# 342 n.5.)

Plaintiffs reply that: (1) they have pleaded sufficient factual matter to support Count II, which is not duplicative of Count I because it is an "alternative theor[y] of recovery under [a] different provision[] of the FLSA[;]" (2) opt-in plaintiffs in a FLSA collective action may pursue common law unjust enrichment claims under the Court's supplemental jurisdiction; (3) the unjust

3

Case 3:20-cv-00859 Document 96 Filed 01/19/22 Page 3 of 20 PageID #: 2123

enrichment claims asserted in Count IV are not preempted by the FLSA because they are "an entirely separate and alternative theory of recovery[;]" and (4) class treatment of the proposed unjust enrichment claims is permissible under Rule 23. (Doc. No. 68, PageID# 359, 362.)

Nashville Electric Service seeks leave to file a sur-reply (Doc. No. 75), which Plaintiffs oppose (Doc. No. 76). In its proposed sur-reply, Nashville Electric Service reiterates its arguments that: (1) Count II is not a discrete claim under the FLSA; (2) the FLSA's collective action mechanism cannot be used to assert a common law unjust enrichment claim; and (3) the Court should decline to exercise supplemental jurisdiction over Plaintiffs' unjust enrichment claims. (Doc. No. 75-1.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010);

*but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.    Analysis**

As a preliminary matter, Nashville Electric Service's motion to file a sur-reply will be granted in part and denied in part. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Kivilaan v. Am. Airlines, Inc.*, No. 3:04-0814, 2008 WL 11390792, at *1 (M.D. Tenn. Oct. 17, 2008) (quoting *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002)). Nashville Electric Service has not identified any specific matters that were raised for the first time in Plaintiffs' reply brief, but argues generally that Plaintiffs' reply brief "introduces new arguments, new case law, and misrepresents Defendant's positions." (Doc. No. 75, PageID# 458.) While this general statement is not sufficient to carry Nashville Electric Service's burden of showing that a sur-reply is warranted, its proposed sur-reply does address the implications of *Lynch v. GCA Services Group, Inc.*, No. 3:16-CV-02624, 2017 WL 11477229 (M.D. Tenn. Sept. 19, 2017), a case that Plaintiffs cited for the first time in their reply brief (Doc. No. 68). Because *Lynch* has important implications for the resolution of Plaintiffs' motion to amend, the Court will consider the portions of Nashville Electric Service's sur-reply that discuss the relevance of *Lynch* to this case. The Court will not consider the portions of the sur-reply that reiterate the arguments in Nashville Electric Service's response or are not directed at arguments raised for the first time in Plaintiffs' reply. *See Crocker v. Interstate Packaging Co.*, No. 3:14-cv-2038, 2016 WL 556824, at *5 (M.D. Tenn. Feb. 12, 2016) (granting plaintiff's motion for leave to

5

file sur-reply "for the limited purpose of considering [plaintiff's] response to . . . argument" first raised in defendant's reply brief).

Nashville Electric Service has not stated its opposition to Plaintiffs' jury demand or the proposed amendments that modify his original FLSA claim (Count I) to reflect the collective action definition as modified by the parties' agreement. Those proposed amendments are deemed to be unopposed. The Court will address the other proposed amendments, which Nashville Electric Service opposes, below.

### A. Proposed Count II

The FLSA provides two substantive guarantees for covered employees. First, it requires employers to pay employees a minimum wage for the hours that they work. 29 U.S.C. § 206(a). Second, it requires employers to pay overtime at a rate of one-and-one-half times the employee's regularly hourly rate to employees who work more than forty hours a week. *Id.* § 207(a)(1). Some employees, such as those "employed in a bona fide executive, administrative, or professional capacity[,]" are exempt from these requirements. *Id.* § 213(a)(1). Whether workers are employed in a bona fide executive, administrative, or professional capacity is determined by three tests: (1) the duties test, (2) the salary-level test, and (3) the salary-basis test. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) (citing 29 C.F.R. § 541.700 (duties test); *id.* § 541.600 (salary-level test); *id.*. § 541.602 (salary-basis test)). Plaintiffs' proposed Count II and the parties' related briefing only implicate the salary-basis test.

Under governing regulations, an employee is exempt from the FLSA's minimum wage and overtime requirements "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. § 541.602(a). "An employer may provide an exempt employee with

6

additional compensation" including hourly compensation for "hours worked . . . beyond the normal workweek" "without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." *Id.* § 541.604(a). If an exempt employee receives earnings that are "computed on an hourly, a daily or a shift basis," the employee must also receive "a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked," and there must be "a reasonable relationship . . . between the guaranteed amount and the amount actually earned." *Id.* § 541.604(b). "[A] 1.5-to-1 ratio of actual earnings to guaranteed weekly salary is a 'reasonable relationship' under the regulations." U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, FLSA 2018-25, 2018 WL 5921453 (Nov. 8, 2018) (quoting 29 C.F.R. § 541.604(b)).

In the initial complaint and Count I of the proposed amended complaint, Plaintiffs claim that they are not exempt from the FLSA's overtime requirements because they are paid on an hourly basis. (Doc. Nos. 1, 59-1.) In Count II of the proposed amended complaint, Plaintiffs make an alternative claim that, if Nashville Electric Service is found to pay Plaintiffs a guaranteed salary plus additional hourly compensation for hours worked over forty-five per workweek, there is not a reasonable relationship between the guaranteed amount and the amount Plaintiffs actually earn. (Doc. No. 59-1.) Nashville Electric Service argues that Plaintiffs have not alleged sufficient facts to support that claim and that "Count II is not a separate cause of action under the FLSA," but "is merely a sub-argument for Count I of Plaintiffs' original Complaint." (Doc. No. 62, PageID# 328.)

Nashville Electric Service is correct that Counts I and II both assert claims under the FLSA's overtime provision, 29 U.S.C. § 207, but the claims are based on different legal theories. Count I alleges that Plaintiffs are non-exempt employees who are entitled to overtime because they

7

Case 3:20-cv-00859   Document 96   Filed 01/19/22   Page 7 of 20 PageID #: 2127

are paid on an hourly basis; Count II alleges that Plaintiffs are non-exempt employees who are entitled to overtime because, if they are considered to be paid on a salary basis, their guaranteed compensation is not reasonably related to the amount they actually earn. Federal Rule of Civil Procedure 8(d) allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Under this Rule, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); *see also Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th Cir. 2004) ("[T]he Federal Rules of Civil Procedure permit pleading in the alternative and even the pleading of inconsistent claims."). Plaintiffs have appropriately pleaded alternative theories of recovery under the FLSA.

Plaintiffs allege in the amended complaint that Nashville Electric Service "claims that it provides the First-Line Supervisors with a guaranteed minimum amount of pay for the first forty-five (45) hours of work in each workweek" and "claims that this purported guarantee is a salary." (Doc. No. 59-1, PageID# 445, ¶ 47.) Plaintiffs further allege that Nashville Electric Service "pays them extra compensation by the hour for hours worked over forty-five (45) recorded hours in each workweek[,]" that "the total amount that Nashville Electric Service pays its First-Line Supervisors is not reasonably related to the compensation Nashville Electric Service guarantees to its First-Line Supervisors[,]" and, therefore, that the "First-Line Supervisors' total compensation is not reasonably related to their purported guaranteed minimum amount of pay because of the amounts of hours that Nashville Electric Service requires them to work." (*Id.* at PageID# 445–46, ¶¶ 48–50.) These allegations are sufficient to support the reasonable-relationship claim that Plaintiffs assert in Count II. While Plaintiffs may not recover twice for the same violation, they are entitled to assert alternative theories of recovery at the pleading stage. *See Son*, 122 F. App'x at 802.

8
Case 3:20-cv-00859   Document 96   Filed 01/19/22   Page 8 of 20 PageID #: 2128

Accordingly, they may amend their complaint to add Count II as an alternative theory of recovery under the FLSA.

B. **Proposed Counts III and IV**

Plaintiffs also seek leave to amend their complaint to plead claims for unjust enrichment under Tennessee law, either as supplemental to their FLSA claims (Count III) or as a class action under Federal Rule of Civil Procedure 23 (Count IV). Nashville Electric Service argues that opt-in plaintiffs are not permitted to bring supplemental common law claims as part of a FLSA collective action and, even if Plaintiffs attempt to pursue their unjust enrichment claims under Rule 23, those claims "are either preempted by the FLSA or precluded by an adequate remedy at law." (Doc. No. 62, PageID# 331.)

1. **FLSA Preemption**

Under the Supremacy Clause of the United States Constitution, federal law is "the supreme Law of the Land[,]" U.S. Const. art. VI, cl. 2, and "'preempts conflicting state law.'" *CSX Transp., Inc. v. City of Sybree*, 924 F.3d 276, 282 (6th Cir. 2019) (quoting *Tyrrell v. Norfolk S. Ry. Co.*, 248 F.3d 517, 522 (6th Cir. 2001)). "Recognizing federalism concerns, courts have typically applied a presumption against preemption, especially in fields that the states have 'traditionally occupied,' like health and safety." *Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578, 584 (6th Cir. 2013) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). In determining whether a federal statute preempts state law, "[t]he purpose of Congress is the ultimate touchstone." *Wimbush v. Wyeth*, 619 F.3d 632, 642 (6th Cir. 2010) (alteration in original) (quoting *Demahy v. Actavis*, 593 F.3d 428, 433–34 (5th Cir. 2010)).

A federal statute may preempt state law in three ways. "First, a federal statute may expressly preempt the state law. Second, a federal law may impliedly preempt a state law. Third, preemption results from an actual conflict between a federal and state law." *Garcia v. Wyeth-*

*Ayerst Lab'ys*, 385 F.3d 961, 965 (6th Cir. 2004) (citations omitted). Nashville Electric Service argues that conflict preemption bars Plaintiffs' unjust enrichment claims. "[C]onflict pre-emption exists where 'compliance with both state and federal law is impossible,' or where 'the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' In either situation, federal law must prevail." *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 100 (1989)). The Sixth Circuit has not addressed whether the FLSA preempts state law claims, and the circuit courts that have considered the issue are split in their decisions. *Compare Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011) ("We have held that [the FLSA's savings clause] demonstrates Congress' intent to allow state wage laws to coexist with the FLSA by permitting explicitly, for example, states to mandate greater overtime benefits than the FLSA."), *and Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010) (holding "that FLSA does not preempt a state-law . . . claim that 'borrows' its substantive standard from FLSA"), *vacated on other grounds by* 565 U.S. 801 (2011), *with Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191–95 (4th Cir. 2007) (holding that plaintiffs' state-law claims were barred by obstacle preemption because "Congress prescribed exclusive remedies in the FLSA for violations of its mandates"), *and Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (holding that plaintiffs "'cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim'" (quoting *Tombrello v. USX Corp.*, 763 F. Supp. 541, 544 (N.D. Ala. 1991))). However, district courts in Tennessee have consistently found that "'state unjust enrichment claims that are independent of FLSA claims are not preempted.'" *Lynch*, 2017 WL 11477229, at *3 (quoting *Bennett v. Highland Graphics, Inc.*, No 3:14-cv-02408, 2016 WL 6071998, at *14 (M.D. Tenn. Oct. 17, 2016)); *see also Cannon v. Citicorp Credit Servs, Inc.*,

No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014); *Woodall v. DSI Renal, Inc.*, No. 11-2590, 2012 WL 1038626, at *6 (W.D. Tenn. Mar. 27, 2012).

Under Tennessee law, "[u]njust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). To establish an unjust enrichment claim, a plaintiff must prove: "1) '[a] benefit conferred upon the defendant by the plaintiff'; 2) 'appreciation by the defendant of such benefit'; and 3) 'acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (alteration in original) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966)). This Court has found that there is no conflict preemption between the FLSA and Tennessee unjust enrichment law because "[s]imultaneous compliance with both the FLSA and the law of unjust enrichment is not impossible—all an employer must do is pay his employees in accordance with FLSA requirements and refrain from otherwise unjustly enriching himself at those employees' expense" and because it is "'counterintuitive' to 'suggest[ ] that state enforcement of standards that are identical with those established in the FLSA would somehow conflict with congressional purpose.'"[1] *Lynch*, 2017 WL 11477229, at *4 (second alteration in original) (quoting *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012)).

Nashville Electric Service argues that the Sixth Circuit's more recent decision in *Torres v. Vitale*, 954 F.3d 866, 873 (6th Cir. 2020), establishes "'that the FLSA is the sole vehicle through which a plaintiff can remedy its own substantive guarantees'" and therefore preempts state-law

---

[1] The text of the FLSA itself contains an express savings clause providing that the statute should not be construed to preempt state minimum wage and maximum hour laws that are more stringent than what it provides. 29 U.S.C. § 218(a).

claims. (Doc. No. 62, PageID# 333.) *Torres* addressed a conflict between two federal statutes—the FLSA and the Racketeer Influenced and Corrupt Organizations Act (RICO)—and not a conflict between state and federal law. 954 F.3d at 871–72. Applying preclusion principles to assess the relationship between the two statutes,[2] the Sixth Circuit held that "the FLSA is the sole vehicle through which a plaintiff can remedy [that statute's] own substantive guarantees" but that "the FLSA does not preclude suits for other damages, even when the underlying conduct in those suits also violated FLSA." *Id.* at 873. The court found that the FLSA is a "precisely drawn, detailed statute" that "gives two substantive guarantees: a federal minimum wage and a maximum-hour work week." *Id.* at 872. Conversely, the court found that "RICO has a 'virtually unlimited sweep,' providing a remedy for the broad range of wrongdoing that fits within its scope" of (again broadly defined) racketeering activity. *Id.* at 873–74 (quoting Gerard E. Lynch, *RICO: The Crime of Being a Criminal, Parts I & II*, 87 Colum. L. Rev. 661, 662 (1987)). Noting that "[c]ourts have held that the FLSA may not preclude more general remedies when the claims are not 'directly covered by the FLSA,'" the court held that "the FLSA precludes claims brought under RICO only to the extent they seek a remedy that is explicitly covered by the FLSA, that is, claims seeking damages for wage and hour violations." *Id.* at 875–76 (quoting *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000)).

That holding does not require the Court to depart from its earlier decisions finding that "'state unjust enrichment claims that are independent of FLSA claims are not preempted.'" *Lynch*,

---

[2] The Sixth Circuit noted that, although courts sometimes use the term "preemption" in analyzing conflicts between federal statutes, "[t]hat language is imprecise. Preemption involves a conflict between state law and federal law . . . . Therefore, the FLSA could not 'preempt' a civil RICO claim, but it could preclude it." *Torres*, 954 F.3d at 872 n.1 (citing *N.Y. Tel. Co. v. N.Y. Dep't of Labor*, 440 U.S. 519, 539 n.32 (1979)); *see also Pom Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 111–12 (2014) (distinguishing the standards and presumptions that govern preemption cases from those that govern preclusion cases).

2017 WL 11477229, at *3 (quoting *Bennett v. Highland Graphics, Inc.*, No. 3:14-CV-02408, 2016 WL 6071998, at *14 (M.D. Tenn. Oct. 17, 2016)). Although Plaintiffs' FLSA claims and unjust enrichment claim arise from the same universe of facts, "Plaintiffs' FLSA claim requires the Court to apply a different test for liability, and thus consider different factors, from the unjust enrichment claim." *Clark v. Pizza Baker, Inc.*, No. 1:18-cv-157, 2020 WL 5760445, at *4 (S.D. Ohio Sept. 28, 2020) (distinguishing *Torres* and finding that the FLSA did not preempt unjust enrichment claim under Ohio law). Plaintiffs allege that "Nashville Electric Service tracks the time worked by Plaintiffs and the First-Line Supervisors for their employment benefits, not just their pay." (Doc. No. 59-1, PageID# 445, ¶ 45.) Plaintiffs also claim that Nashville Electric Service was unjustly enriched by failing to pay them for all hours worked and by denying its First-Line Supervisors "the full value of their retirement benefits as a result of their failure to pay them for Professional Time." (*Id.* at PageID# 454, ¶ 107.) Plaintiffs will have to demonstrate that the "fruits of the FLSA Class's labor" that they allege Nashville Electric Service has unjustly enjoyed encompass more than the damages addressed by their wage and hour claims and are truly independent from their FLSA claims. (*Id.* at PageID# 453, ¶ 97.) At this stage, Plaintiffs may plead that claim in the alternative and develop the necessary proof to show that the unjust enrichment claim offers a remedy other than that provided by the FLSA.

### 2. Preclusion By an Adequate Remedy at Law

Nashville Electric Service also argues that Plaintiffs' unjust enrichment claims are precluded by the FLSA because unjust enrichment is an equitable claim that is unavailable if a plaintiff has adequate remedies at law. This Court rejected an identical argument in *Lynch*, where it found that "the purpose of common law unjust enrichment appears to be to fill in the equitable gaps left by *Tennessee* law—in particular, Tennessee contract law." 2017 WL 11477229, at *4. Tennessee courts have held that a plaintiff may not bring a separate cause of action for unjust

enrichment where the plaintiff has a legal remedy pursuant to a valid contract encompassing the same subject matter as the unjust enrichment claim. *See, e.g.*, *Duke v. Browning-Ferris Indus. of Tenn.*, No. W2005-00146-COA-R3-CV, 2006 WL 1491547, at *10 (Tenn. Ct. App. May 31, 2006) (holding that "the equitable remedy of unjust enrichment cannot be imposed where, as in this case, a valid contract exists on the same subject matter"). But Nashville Electric Service offers no authority to support its proposition that a federal statutory remedy makes an unjust enrichment claim unavailable under Tennessee law. *See Lynch*, 2017 WL 11477229, at *5. Rather, the cases Nashville Electric Service cites address instances in which another state-law cause of action may foreclose an unjust enrichment claim. *See Zirkle v. City of Kingston*, 396 S.W.2d 356, 361–62 (Tenn. 1965) ("It has been held repeatedly in this State that unless the legal remedy, that is the remedy at law, is inadequate, a property owner's cause of action in a condemnation situation is exclusively in the law court as opposed to a court of equity."); *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 506 (6th Cir. 1995) (finding, under Michigan law, that "the existence of an implied-in-fact contract, which provides a legal remedy, will bar a claim of unjust enrichment, which seeks an equitable remedy"); *Freeman Indus.*, 172 S.W.3d at 524–25 (holding, at summary judgment stage, that a plaintiff who wishes to recover under an unjust enrichment theory "must . . . demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract"). They do not stand for or support the proposition that the FLSA precludes an unjust enrichment claim.[3]

---

[3] *Pacheco v. Boar's Head Provisions Co.*, No. 1:09-CV-298, 2010 WL 1323785, at *5 (W.D. Mich. Mar. 30, 2010), cited by Nashville Electric Service in its response, also does not compel a different result here. As this Court noted in *Lynch*, *Pacheco* involved a claim for unjust enrichment under Michigan law, and a "review of Tennessee case law . . . provides no basis for echoing the analysis of the Western District of Michigan." 2017 WL 11477229, at *4 n.1.

Echoing its arguments in support of preemption, Nashville Electric Service asserts that "there is no possible relief under Plaintiffs' unjust enrichment claims that is not already available to them under the unambiguous terms of the FLSA." (Doc. No. 62, PageID# 340.) Again, Plaintiffs are not entitled to a double recovery for the unpaid wages and overtime they seek under the FLSA. Nashville Electric Service has not shown that the damages Plaintiffs seek under an unjust enrichment theory fully overlap with the statutory remedies available under the FLSA such that Plaintiffs may not assert the equitable claim.

### 3. Statute of Limitations

Through their unjust enrichment claims, Plaintiffs seek to recover for violations that occurred outside the FLSA's statute of limitations. Suits under the FLSA must be brought "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a). Because an unjust enrichment claim has "no specific statute of limitations under Tennessee law[,]" *Ilar v. Wells Fargo Bank, N.A.*, Nos. 3:12-CV-304, 3:12-CV-424, 2014 WL 6886588, at *4 (E.D. Tenn. Dec. 4, 2014), courts must determine the appropriate statute of limitations by "ascertain[ing] the gravamen" of the claim. *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 149 (Tenn. 2015). To determine the gravamen of a claim, "a court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought." *Id.* at 151.

Nashville Electric Service argues that the gravamen of Plaintiffs' complaint[4] is the FLSA, "which carr[ies]—at most—a three-year limitations period . . . ." (Doc. No. 62, PageID# 341 n.4.)

---

[4] Nashville Electric Service argues that the applicable statute of limitations should be determined "'according to the gravamen of the *complaint*.'" (Doc. No. 62, PageID# 341 n.4) (emphasis added) (quoting *Ilar v. Wells Fargo Bank, N.A.*, Nos. 3:12-CV-304, 3:12-CV-424,, 2014 WL 6886588, at *4 (E.D. Tenn. Dec. 4, 2014)). The Tennessee Supreme Court has rejected

In *Lynch*, this Court rejected a similar argument and found that "[a]s a matter of Tennessee law, the gravamen of the [plaintiffs'] unjust enrichment claim is not the FLSA, but a quasi-contractual theory of recovery based on the parties' employment relationship." 2017 WL 11477229, at *5; *see also Vargo v. Lincoln Brass Works, Inc.*, 115 S.W.3d 487, 491 (Tenn. Ct. App. 2003) ("An employment relationship is essentially contractual.") Therefore, the gravamen of Plaintiffs' unjust enrichment claims sounds in contract and is governed by Tennessee's six-year statute of limitations for breach of contract claims. *See* Tenn. Code Ann. § 28-3-109(a)(3).

Plaintiffs may not use Tennessee law to circumvent the shorter statute of limitations applicable to claims for unpaid minimum wages or overtime compensation under the FLSA. Any claims for overtime compensation guaranteed by the FLSA are subject to its statute of limitations. However, to the extent Plaintiffs' unjust enrichment claim addresses other damages, those claims are governed by Tennessee's six-year statute of limitations for breach of contract claims.

### 4. Supplemental Claims to a FLSA Collective Action

In Count III, Plaintiffs seek to bring unjust enrichment claims as members of a FLSA collective action. (Doc. No. 59-1.) Nashville Electric Service argues that Count III is futile because the FLSA itself "does not provide the basis for an unjust enrichment claim" and because "the collective action mechanism of the FLSA is contemplated only for use in recovering FLSA damages." (Doc. No. 62, PageID# 329–30.) Plaintiffs reply that, under *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F3d 567 (2016), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), all opt-in employees are party plaintiffs to this action and, as such,

---

that approach when it "would require a court to identify a single gravamen from a complaint that alleges alternative, and potentially inconsistent, claims." *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 149 (Tenn. 2015). Where, as here, the complaint contains several alternative causes of action, the court must separately ascertain the gravamen of each individual claim. *Id.*

may bring supplemental unjust enrichment claims against Nashville Electric Service. (Doc. No. 68.)

This case has been conditionally certified as a collective action under § 216(b) of the FLSA. (Doc. Nos. 13, 32.) Under that provision, an employee becomes a "party plaintiff" to a FLSA action by giving "consent in writing" and filing "such consent . . . in the court in which such action is brought." 29 U.S.C. § 216(b). Once employees opt in to a FLSA collective action, they "become 'party plaintiff[s],' enjoying 'the same status in relation to the claims of the lawsuit as do the named plaintiffs[.]'" *Canaday v. Anthem Cos.*, 9 F.4th 392, 402 (6th Cir. 2021) (first alteration in original) (first quoting 29 U.S.C. § 216(b), then quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)). This mechanism is "'fundamentally different'" from a class action brought under Federal Rule of Civil Procedure 23, in which the interests of absent class members are litigated by a representative named plaintiff. *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)).

The named plaintiffs in *O'Brien* sought certification to bring their claims under the FLSA and state law as a collective action that would include opt-in plaintiffs who only brought state-law claims. 574 F.3d at 580. In that case, the Sixth Circuit held that "an opt-in employee with FLSA and supplemental claims can have both of those claims certified as part of a collective action where a lead plaintiff has FLSA and supplemental claims[,]" based on the following reasoning:

> If the opt-in plaintiffs are similarly situated to the lead plaintiffs, it does not make sense to suggest, as defendants seem to, that only the FLSA claims may proceed collectively, while the supplemental claims would have to proceed individually or would be required to run in parallel to the collective action only by satisfying the more stringent requirements of Fed. R. Civ. P. 23. To disjoin FLSA and supplemental claims in the manner proposed by defendants would defeat the purpose of supplemental jurisdiction, which is to facilitate the resolution of claims that are so closely related to claims for which federal jurisdiction originally lies that the supplemental claims are part of the same case or controversy as the claim independently invoking federal jurisdiction. Notwithstanding the lack of express

> statutory authority in the FLSA for collective certification of non-FLSA claims, supplemental claims by definition are treated as part of the same controversy animated by a particular employee's FLSA claim.

*Id.* (citations omitted). Consequently, "as long as someone in a collective action has a FLSA claim, employees who are similarly situated can be part of the collective action, even if the other employees only have supplemental claims." *Id.* at 581.

Nashville Electric Service characterizes *O'Brien* as a "narrow holding" limited to "the context of juggling two closely related cases, an FLSA decertification, the picking off of plaintiffs with a Fed. R. 68 offer of judgment, and a remand for further proceedings." (Doc. No. 62, PageID# 330 n.2.) But the text of *O'Brien*, including the broad language quoted above, does not support that narrow reading. Indeed, this Court has previously found that "*O'Brien* holds that the class in an FLSA case may be a mix of individuals who have valid FLSA claims and those who have supplemental claims." *Miller v. Jackson*, No. 3:10-1078, 2011 WL 1060737, at *6 (M.D. Tenn. Mar. 21, 2011).

The Sixth Circuit's statement in *Torres* that the FLSA "provides its own <u>unique procedural framework</u> for collective actions" does not direct the different conclusion Nashville Electric Service hopes to find there. (Doc. No. 62, PageID# 330 n.2 (quoting *Torres*, 954 F.3d at 872).) *Torres* does not address whether the FLSA's collective action mechanism can be used to litigate supplemental common law claims. Neither does *Torres* hold that the FLSA preempts or precludes plaintiffs from bringing state law claims that are supplemental to their FLSA claims. The plaintiffs who have opted into this action by filing notices of consent with the Court "enjoy party status as if they had initiated the action." *Canaday*, 9 F.4th at 394. As such, they are free to amend their complaint to assert supplemental state-law claims.

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, supplemental jurisdiction is proper because Plaintiffs' FLSA and unjust enrichment claims share a common factual basis. Adjudicating the claims in a single action will avoid the "significant risk of inconsistent results" if Plaintiffs are forced to bring their unjust enrichment claims in separate state-court actions. *Murphy v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11-0519, 2012 WL 3596194 (M.D. Tenn. Aug. 20, 2012).

### 5. Rule 23 Class Action

Nashville Electric Service's final argument against amendment is that, "[w]ere the Court to allow Plaintiff Cayton to move forward with his unjust enrichment claim, he must do so as an individual and not as an alleged class" because "'class-wide adjudication is generally not appropriate for unjust enrichment claims.'" (Doc. No. 62, PageID# 342 n.5 (quoting *Bearden v. Honeywell Int'l, Inc.*, No. 3:09-01035, 2010 WL 1223936, at *10 (M.D. Tenn. Mar. 24, 2010).) But only one of the cases Nashville Electric Service cites for this broad proposition addressed the issue on the pleadings. *See Bearden*, 2010 WL 1223936, at *10 ("Because it is apparent from the face of the Complaint that individual issues will predominate the resolution of the unjust enrichment claim, the court will strike the plaintiffs' class allegations."). The other cases addressed the question at class certification and, at that stage, concluded that classwide adjudication of unjust enrichment claims was inappropriate because specific facts demonstrated that individual issues would predominate. *See, e.g.*, *Carter v. PJS of Parma, Inc.*, No. 1:15 CV 1545, 2016 WL 3387597, at *6 (N.D. Ohio June 20, 2016) (denying motion for class certification because "[m]anaging this case as a class action would involve considerable difficulties because of the many individual fact-specific inquiries, and plaintiffs have offered no plan for efficiently addressing them"). Nashville Electric Service has not identified any individual issues raised in the pleadings that show class

treatment of the unjust enrichment claims to be inappropriate. Plaintiffs therefore may include Rule 23 class allegations in their amended complaint.

IV.     **Conclusion**

For the foregoing reasons, Nashville Electric Service's motion for leave to file a sur-reply (Doc. No. 75) is GRANTED IN PART and DENIED IN PART.

Plaintiffs' motion for leave to file an amended complaint (Doc. No. 59) is GRANTED. The Clerk of Court is DIRECTED to file Plaintiffs' proposed amended collective and class action complaint (Doc. No. 59-1) as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge