IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CAYTON, On Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) COLLECTIVE ACTION ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY acting by and through THE ELECTRIC POWER BOARD, d/b/a NASHVILLE ELECTRIC SERVICE. | ) CASE NO. 3:20-cv-00859 ) ) MAGISTRATE JUDGE NEWBERN ) ) ) ) |
| *Defendant*. | ) |

## DECLARATION OF JAMES CAYTON

1. I am the Named Plaintiff in this case. I have personal knowledge of the facts set forth in this declaration, and I would testify thereto if called as a witness herein.

2. I worked for the Defendant, Nashville Electric Service ("NES"), from 1987 to January 1, 2022. I worked as a Supervisor for NES from January 2013 to January 1, 2022, when I retired.

3. Throughout my time as a Supervisor for NES, I was treated as an hourly employee in every way, except that NES did not pay me for time worked and recorded as "professional time." In other words, I was required to clock-in and clock-out for pay. My benefits were tracked by the hour, and my pay could even be docked by the hour if I did not work all of my scheduled hours. Still, for five hours each week, I and my fellow Supervisors were required to record five hours worked as "professional time," and we were not paid for this time. Most, if not all of this time was overtime compensation for me and most other Supervisors I know. For some Supervisors, who worked a thirty-six (36) hour shift per week, some of these "professional time" hours were regular hours (or hours before 40 in a workweek).

4. I believe that I and other Supervisors should have been paid for time worked that was categorized by NES as "professional time" but not paid. I and other supervisors have thought this for years. In fact, many supervisors, including myself, would complain to management that we were not paid for this time, even though we were required to work those hours and even record them into NES's pay system.

5. I understand that NES's practice or policy of not paying for "professional time" worked dates back to the 1970s. I also understand that NES's workforce did not agree with this practice or policy, but to my knowledge no one ever took any legal action to challenge it. I know that many NES workers wanted to challenge this practice or policy for years, but were afraid to do so. They were afraid that they would face retaliation from NES's management.

6. I contacted the law firm of Barrett Johnston Martin & Garrison, PLLC in September 2020. I consulted with them about a grievance I had with NES. I also addressed my concerns about "professional time" not being paid. After discussing the facts with these attorneys, I decided to file a lawsuit against NES for the hours that I and other supervisors worked, but were not paid. With the consultation of my lawyers, I decided to bring the lawsuit on behalf of myself and all other Supervisors who were covered under the law.

7. I worked with my attorneys and discussed with them all of the facts I knew prior to the filing of the lawsuit. I gathered all documents that I thought were relevant, and all of the information I could find regarding this issue, and I shared all of this with my lawyers. I understood that my case was filed in the federal court in Nashville as a collective action under the Fair Labor Standards Act ("FLSA"). After the filing of the lawsuit, I worked to share information about the case with my fellow currently employed and formerly employed Supervisors. I shared my lawyers' contact information with them. I understand that many of them joined the case in its early

2

stages. I know that they also shared helpful information with my lawyers at Barrett Johnston Martin & Garrison, PLLC that was helpful to the case.

8. I believed when the case was filed, and I continue to believe, that I am an adequate class representative because I do not have any interests that are opposed to the other workers who joined the case. I believe that I have put the interests of the Plaintiffs who have joined this case before my personal interests throughout this case, including the settlement.

9. When I filed the lawsuit, I was currently employed by NES. I was concerned that I might be retaliated against by NES for filing the lawsuit. This was especially concerning to me since I intended to work longer to secure the retirement benefits that I had counted on during my employment for NES. Despite my concerns, I decided to file the lawsuit. Ultimately, in January 2022 I did retire from my employment with NES. My retirement from NES did not have anything to do with this lawsuit.

10. I believe my attorneys at Barrett Johnston Martin & Garrison, PLLC are experienced in this area of the law. I believe that they have done a great job representing me and the other employees. I have actively helped them to ensure that we reached a fair result.

11. Throughout this case, I have provided assistance to my lawyers in their pursuit of a fair recovery for myself and all Supervisors from NES who have joined this case. I helped with the following: (a) helped with the gathering of facts prior to the filing of the lawsuit; (b) communicated to other Supervisors about the lawsuit, and connected them with my lawyers so that they could learn more about the case and so that my lawyers could gather more facts; (c) engaged in numerous meetings and discussions with my attorneys to talk about the facts of the case, identify witnesses, and provide information on my understanding of NES's policies and procedures; (d) provided documents to my attorneys which I believed would assist them in the case; (e) answered written

3

discovery requests that were sent to my lawyers from NES's lawyers; (f) reviewed and explained certain documents produced in discovery to my attorneys and their staff; (g) prepared for and gave deposition testimony; (h) attended and participated in a full-day mediation; and (i) participated in numerous conference calls with my attorneys both before and after mediation to negotiate and sign the final settlement agreement.

12. I am not a Plaintiff or party in any other lawsuit or class action.

13. Based on what I know from my 34 plus years of employment with NES and based on what I know from my involvement in this lawsuit for more than two years, I think that this settlement is an excellent result. I understand that the Court must approve this settlement for it to become final. I strongly support approval of the settlement.

02/14/2023
**DATE**

*/s/ James Cayton*
**JAMES CAYTON**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Declaration of James Cayton* was filed electronically with the Clerk's office by using the CM/ECF system and served on the following counsel for Defendants as listed below on February 14, 2023:

**WILLIAM A. BLUE, JR. (No. 10378)**
CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP (Nashville Office)
750 Old Hickory Boulevard
Suite 260-2
Brentwood, TN
(615) 340-3800
wblue@constangy.com

**JASON D. FRIEDMAN**
CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP
12500 Fair Lakes Circle
Suite 300
Fairfax, VA 22033
(571) 522-6100
(571) 522-6101 (fax)
jfriedman@constangy.com

**TABITHA ROBINSON (No. 036068)**
Nashville Electric Service
1214 Church Street
Nashville, Tennessee 37246
Telephone: (615) 747-3701
trobinson@nespower.com

*Attorneys for Defendant*

    /s/ David W. Garrison
    DAVID W. GARRISON
    **BARRETT JOHNSTON**
       **MARTIN & GARRISON, LLC**

5

Case 3:20-cv-00859   Document 138   Filed 02/14/23   Page 5 of 5 PageID #: 2703