UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CAYTON, on behalf of himself and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY acting by and through THE ELECTRIC POWER BOARD d/b/a NASHVILLE ELECTRIC SERVICE,<br><br>  Defendant. | Case No. 3:20-cv-00859<br><br>Magistrate Judge Alistair E. Newbern |

## ORDER

Plaintiff James Cayton and the plaintiffs who have opted in to this Fair Labor Standards Act (FLSA) action have filed an unopposed motion for court approval of an agreed FLSA Collective Action Settlement, dismissal of all of the plaintiff and opt-in plaintiffs' claims with prejudice, and dismissal of all claims made under Federal Rule of Civil Procedure 23 without prejudice. (Doc. No. 136.) The parties have also filed a motion to ascertain the status of the motion for settlement approval. (Doc. No. 141.) Both motions are GRANTED. The Court will approve the proposed settlement by this Order.

Because of "the unique purpose of the FLSA and the unequal bargaining power between employees and employers . . . FLSA settlements require approval by either the Department of Labor or a court." *Steele v. Staffmark Inv., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016). The FLSA provides a national statutory guarantee that employees will receive full and fair compensation for hours worked. *See* 29 U.S.C. § 202 *et seq*. Because of this statutory entitlement,

"'[e]mployers and employees may not, in general, make agreements to pay and receive less pay than the statute provides for. Such agreements are against public policy and unenforceable.'" *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947, 959 (W.D. Mich. 2002) (quoting *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998)). However, when a question exists as to whether employees are entitled to the compensation they seek under the FLSA, and when entering into a settlement agreement would not relinquish any employees' statutory rights, a court may approve a settlement agreement entered into by the parties. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A court reviewing a FLSA settlement for approval must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*; *West v. Emeritus Corp.*, No. 3:15-CV-437, 2017 WL 2880394, at *1 (M.D. Tenn. July 5, 2017).

In support of this motion, Cayton has filed a memorandum of law (Doc. No. 137), the proposed settlement agreement (Doc. No. 139-1), and supporting documents addressing the administration of the settlement agreement and the reasonableness of its terms (Doc. Nos. 139-2–139-7). The Court has reviewed these filings and finds the parties' agreement to be a fair and reasonable resolution of a bona fide dispute of the FLSA's application. The Court therefore orders as follows:

1. Cayton's motion for approval of the FLSA Collective Action Settlement (Doc. No. 136) is granted.

2. The Court grants approval of the resolution of the claims of all individuals who have already joined the lawsuit as party plaintiffs (referred to in the Settlement Agreement as "Current Collective Members") as a fair and reasonable resolution of a bona fide dispute of the FLSA's application.

3. The Court grants approval of the distribution of a Settlement Notice and a Consent to Join Form, attached to the filed agreement as Exhibits C and D, to those individuals who have not already joined this lawsuit as party plaintiffs and who worked as First Line Supervisors and recorded professional time for Defendant (referred to in the Settlement Agreement as "Potential Collective Action Members"). The proposed resolution of the claims of Potential Collective Action Members who file timely claims is a fair and reasonable resolution of a bona fide dispute of the FLSA's application.

4. Based on a review of the plaintiffs' filings and the prior filings in this action, including the parties' cross-motions for summary judgment, the Court finds that the settlement is the result of arm's length negotiations conducted after counsel adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The proposed settlement falls within the "range of reasonableness."

5. The settlement agreement creates a common benefit fund for the class. It is appropriate to assess attorney's fees against that fund.

6. The agreement awards payment of $833,333.33 to the plaintiffs' counsel for attorney's fees, costs, expenses including settlement administration costs, and a service payment to Named Plaintiff James Cayton in the amount of $10,000.00. The requested awards to counsel and to Cayton are fair and reasonable in consideration of the six factors articulated in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), and are approved.

7. The parties are ordered to carry out the settlement according to its terms.

8. Except as provided in Paragraph 9 of this Order, the claims of Named Plaintiff James Cayton and all opt-in plaintiffs brought under the FLSA and Tennessee law are DISMISSED WITH PREJUDICE consistent with the settlement agreement.

9. The plaintiffs' claim that their unjust enrichment claim be certified as a class under Federal Rule of Civil Procedure 23 is DISMISSED WITHOUT PREJUDICE.

10. The Court shall retain jurisdiction to enforce and interpret the settlement agreement.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge